MABEL HOWARD MARTIN V. AUSTIN GUNNISON ET AL.

REVIEWING COURT ACQUIRES NO JURISDICTION BY FILING PETITION IN ERROR WITHOUT UNDERTAKING.

Where a petition in error, to an order dismissing an attachment, is filed in the reviewing court within the time prescribed by Sec. 5563b Rev. Stat., but no undertaking was given within the time specified in the judgment below, the reviewing court acquires no jurisdiction over the attached property.

This is an action wherein the plaintiff in error, Mabel Howard Martin, brought suit in the common pleas court against Austin Gunnison et al., and secured an attachment and garnisheed certain moneys in the hands of the Standard Oil Company. On demurrer to the petition the, action in the common pleas was dismissed and the attachment and gar-¹ nishment was discharged and the plaintiff in error was given thirty days (under Sec. 5563b Rev. Stat.) to file petition in error and undertaking to the defendants, Austin Gunnison et al., as therein provided. The plaintiff in error herein filed her petition in error, but failed to file any undertaking. After. the expiration of the time specified in the judgment entry in the common pleas, the defendant in error, Austin Gunnison, made demand on the garnishee, the Standard Oil Company, for payment, which refused to pay unless ordered by court. Thereupon Austin Gunnison filed a motion in the circuit court for an entry declaring the attachment and garnishment to be discharged.

**Joseph Cox, Jr.,** for A. Gunnison, cited:

Any judge of the circuit court may hear and decide a motion to discharge an attachment in vacation. Section 5562 Rev. Stat.

The failure of plaintiff in error to file bond required by the judgment rendered in the court below within the thirty days fixed by said court, of itself released the attachment and garnishment herein and the lien of such attachment. Section 5563b Rev. Stat.; Sibley v. Oil Co. 9 Re. 399 [12 Bull. 308].

**Horstman & Horstman,** for Mabel H. Martin, cited:

3 Western Law Monthly 301; Story, Eq. Pl. Sec. 708, note; 17 Am. & Eng. Enc. Law (1 ed.) 561, 566, 570; Masters v. Freeman, 17 Ohio St. 323; Pickering v. De Rochemont, 45 N. H. 67; Speakman v. Tatem, 17 Atl. Rep. 818 [45 N. J. Eq. .388]; Fletcher v. Telephone Co. 35 Atl. Rep. 903 [55 N. J. Eq. 47, 52]; 5 Duer (N. Y.) 168; Van Wart v. Price, 14 Abb. Pr. (N. Y.) 4; 59 How. Pr. (N. Y.) 24; 16 Hun (N. Y.) 556; 38 Hun (N. Y.) 291; Power v. Hathaway, 43 Barb. (N. Y.) 214; Hubbard v. Burrell, 41 Wis. 365; Eldredge v. Putnam, 50 N. W. Rep. 595 [46 Wis. 205]; Piatt v. Oliver, 2 O. F. D. 55 [2 McLean 267]; Dorr v. Gibboney, 3 Hughes (U. S.) 382, 384; 7 Fed. Cas. 923; 1 Enc. Pl. & Pr. 988; Corbett v. Packington, 6 Barn. & Cr. 268; 2 Greenleaf, Evidence Par. 208; 1 Shinn, Attachment Par. 16, p. 22; Strock v. Little, 45 Pa. St. 416; Lennox v. Holland, 3 Caines (N. Y.) 323; Runyan v. Morgan, 26 Tenn. (7 Humph.) 210; Farmers Nat. Bank v. Fonda, 32 N. W. Rep. 664 [65 Mich. 533]; Farwell v. Myers, 31 N. W. Rep. 128 [64 Mich. 234]; Pennsylvania Ry. Co. v. Peoples, 31 Ohio St. 537; S. C. V. Peat Fuel Co. v. Tuck, 53 Cal. 304; Elwell

v. Martin, 32 Vt. 217; Baldw. 66, 142; 2 Car. L. R. 409; Rogers v. Daniell, 90 Mass. (8 Allen) 343; Prescott v. Ward, 92 Mass. (10 Allen) 203; Farrelly v. Ladd, 92 Mass. (10 Allen) 127; Catlin v. Birchard, 13 Mich. 110; Derome v. Vose, 5 N. E. Rep. 478 [140 Mass. 575]; Gould v. Emerson, 99 Mass. 154, 157; Underwood v. Bank, 4 N. E. Rep. 822 [141 Mass. 305]; Gannon v. Ruffin, 24 N. E. Rep. 37 [151 Mass. 204]; Henchey v. Henchey, 44 N. E. Rep. 1075 [167 Mass. 77]; Chase v. Perley, 19 N. E. Rep. 398 [148 Mass. 289]; Minchin v. Minchin, 32 N. E. Rep. 164 [157 Mass. 265]; 22 Enc. Pl. & Pr. 137, 138; Vincent v. Rogers, 30 Ala. 471; Reade v. Trust Co. 27 Misc. (N. Y.) 435; Rathbone v. Stocking, 2 Barb. 135; Husted v. Thompson, 53 N. E. Rep. 20 [158 N. Y. 328]; Congdon v. Cahoon, 48 Vt. 49; 2 Perry, Trusts (5 ed.) Sec. 843, p. 529, foot; 2 Perry, Trusts Sec. 843, p. 531, foot; 2 Lewin, Trusts 857; 2 Lewin, Trusts 906, 1216, foot; Beach, Trusts Sec. 690, pp. 1581, 1583, 1584; 2 Story, Eq. Jurisp. (13 ed.) Sec. 1285, p. 630; 4 Kent's Commentaries 307; 6 Am. & Eng. Enc. Law (1 ed.) 721.

## PER CURIAM.

We are of opinion that the plaintiff in error having failed to give bond within the prescribed time in accordance with the order of the common pleas, the attached property was never brought into this court and that this court has no jurisdiction of the same, and, hence, can make no order of any kind in regard to the same or pass upon the motion of the defendant in error. If any further entries or orders of court are necessary they must be sought in the court of common pleas.